**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN A. ARETAKIS,

                         Plaintiff,

    - v -                                      Civ. No. 1:07-CV-1273
                                                               (RFT)

ROBERT DURIVAGE, TIMOTHY NUGENT, TOWN
OF NORTH GREENBUSH, and ROBERT D. WELLS,

                         Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

JOHN A. ARETAKIS, ESQ.
*Pro Se Plaintiff*
353 East 54th Street
New York, New York 10022-4965

NAPIERSKI, VANDENBURGH LAW FIRM        THOMAS J. O'CONNOR, ESQ.
*Attorney for Defendant Timothy Nugent*
296 Washington Avenue Extension
Albany, New York 12203

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**AMENDED MEMORANDUM-DECISION and ORDER**

      On February 3, 2009, this Court issued a Memorandum-Decision and Order (MDO) granting, *inter alia*, Defendant Nugent's Motion to Dismiss and/or for Summary Judgment, and dismissing Aretakis's causes of action against him. Dkt. No. 69; *Aretakis v. Durivage*, 2009 WL 249781 (N.D.N.Y. Feb. 3, 2009). In addition to seeking dismissal of this legal action against him, Nugent further requested that he be awarded attorneys' fees as a prevailing party pursuant to 42 U.S.C. § 1983 on the grounds that this lawsuit against him was "frivolous, unreasonable, and groundless and was continued by Plaintiff after it clearly became so." Dkt. No. 53, Def. Nugent's Notice of Mot., dated Mar. 14, 2008, at p. 2. The predicate for Nugent's Motion for Attorneys' Fees is firmly rooted

in the legal principle of absolute prosecutorial immunity, insofar as Nugent was acting as a special prosecutor in the mater of the *State of New York v. John A. Aretakis*. *See generally* Dkt. No. 53. The MDO addressed in considerable detail Nugent's role as special prosecutor, the defense of absolute prosecutorial immunity, the multiple causes of action lodged against him, and whether Aretakis's causes of action against Nugent were frivolous, unreasonable, and groundless. *Aretakis v. Durivage*, 2009 WL 249781, at **3, 15-19, 26-28, 31-32, & 33-34 (Parts I.C, II.E, II.G.1, II.H, & II.I). In addition to dismissing this legal action against Nugent, this Court found Nugent to be a prevailing party and declared that the Amended Complaint, as it related to Nugent, was frivolous, unreasonable, and groundless. The Court further directed Nugent to serve and file an application for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. *Id*. at *34. After a telephone conference held on March 2, 2009, this Court issued another Order establishing a timetable when Defendant Nugent's application for attorneys' fees and Aretakis's response thereto would be due. Dkt. No. 73, Text Order, dated Mar. 2, 2009.

Complying with the Court's directive, Defendant Nugent's Attorney, Thomas J. O'Connor, Esq., filed an Affidavit, dated March 6, 2009, along with detailed billing invoices, seeking an award of attorneys' fees in the amount of $24,741.39. Dkt. No. 76. Initially, it appeared that Aretakis did not want to pursue the remainder of this litigation and forwarded to the Court a Letter Motion, dated February 10, 2009, seeking to discontinue, with prejudice, this case. Dkt. No. 70. But, Aretakis's position rapidly changed upon Defendant Nugent's notice to the Court that he declined to waive or negotiate any portion of the attorneys' fees being sought, Dkt. No. 74, and, on April 13, 2009, Aretakis filed a Cross Motion for Reconsideration and Opposition to Nugent's Motion for Attorneys' Fees, Dkt. No. 79. In support of his Motion for Reconsideration, Aretakis complains that

Nugent's Motion is procedurally defective, asks this Court to reconsider our finding of frivolousness, vacate the dismissal of his causes of action, and deny the Application for Attorneys' Fees.  Likewise, Nugent filed a Response in Opposition to Aretakis's Motion for Reconsideration.  Dkt. No. 80.

### I. The Filing of Nugent's Application for Attorneys' Fees

Aretakis's first challenge to Nugent's Application is procedural.  He complains that Attorney O'Connor's Affidavit was not accompanied by a Notice of Motion as required by the Federal Rules of Civil Procedure, and furthermore, incorrectly lists the venue and court in the heading.  Dkt. No. 79-2, John A. Aretakis's Aff., dated Apr. 8, 2009, at ¶¶ 5-9.  Because of these defects, Aretakis proposes that this Court disregard Nugent's Application.  *Id*.  For the following reasons, the Court rejects Aretakis's plea petition.

What Aretakis fails to recognize is that Nugent's Notice of Motion for Attorneys' fees was filed on March 14, 2008, as an aspect of his Motion to Dismiss/Summary Judgment.  Dkt. No. 53.  After this Court found that Nugent was a prevailing party entitled to attorneys' fees, all that was required from Nugent was to complete his Application and identify those critical factors that would help the Court determine what would constitute reasonable attorneys' fees under these circumstances.  In completing this obligation, Nugent only had to delineate the hours spent defending this action, describe the legal tasks performed, and inform the Court of the proper hourly rates -- functions that can be comfortably completed by an affidavit and exhibits.  In this context, a Notice of Motion would be superfluous.

As a general proposition, notice of motions are required to advise a court and opposing party of the when, where, and what of a prospective motion, the most critical dates being the return date

of the motion and when opposition is due. Prejudice would be visited upon a party if he did not receive proper notice of the motion. However, this is not an issue in this case. Aretakis was keenly aware when and how this Application would be filed. On March 2, 2009, the Court convened a telephone conference in which a timetable for the filing of and the opposition to this Application was clearly announced by the Court. That Conference was immediately followed by a Text Order stating that Nugent shall "file his application within fifteen (15) days of the date of this Order [and] Plaintiff Aretakis shall respond to Nugent's motion within twenty-one (21) days of being served with the Motion." Dkt. No. 73. Therefore, there was no element of surprise nor prejudice imposed upon Aretakis and he responded to the Application. And, any typographical error in the case heading is immaterial inasmuch as the parties should be fully aware that the issue of reasonable attorneys' fees falls squarely before this Court and no other.

The beauty of the Federal Rules of Civil Procedure is that they anticipate the fallibility of lawyers and the court and recognize the possibility of clerical errors. Congress granted courts the ability "to correct a clerical mistake or mistake arising from oversight whenever one is found in a judgment, order, or **other part of the record**." FED. R. CIV. P. 60(a) (emphasis added). Moreover, the courts have the authority to "disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61. The Second Circuit instructs us "never to exalt form over substance . . . as long as [the technical pleading irregularities] neither undermine the purpose of notice pleading nor prejudice the adverse party. *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005)).

Here Nugent's faux pas are trivial, easily corrected, and just as easily ignored, inasmuch as Aretakis's substantial rights were neither derogated nor trampled upon. As will become quite

evident below, Aretakis was able to contest this Application. Accordingly, this procedural challenge by Aretakis is declined.

## II. Motion for Reconsideration

Next, Aretakis asks this Court to reconsider our determination that the Amended Complaint as it pertains to Nugent is frivolous, unreasonable, and groundless. In doing so, Aretakis replicates the host of arguments he previously proffered to the Court in opposition to Defendant Nugent's Motion to Dismiss and/or for Summary Judgment. Dkt. No. 79 at ¶ 11(a)-(g). Nugent highlights that Aretakis's Motion for Reconsideration is untimely and lacks legal support. Dkt. No. 80.

This District's Local Rule 7.1(g) mandates that "unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than **TEN CALENDAR DAYS** after the entry of the challenged judgment, order, or decree." (emphasis in original). When applying this Local Rule to our case, Aretakis's Motion should have been filed on or before February 13, 2009, and not April 13, 2009.[1] Nevertheless, based upon the March 2nd telephone conference, the Court anticipated, as should have Nugent, that Aretakis would file a Motion for Reconsideration in tandem with his opposition to the Application for Attorneys' Fees, and thus his failure to fully comply with the mandates of our Local Rules is thus waived.

Generally, reconsideration of a court's prior decision is warranted only where the moving party demonstrates "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice." *Caidor v. Harrington*, 2009 WL 799954, at *1 (N.D.N.Y. Mar. 24, 2009) (Suddaby, J.) (quoting *United States*

---

[1] The MDO was filed on February 3, 2009, Dkt. No. 69, and this Motion was filed on April 13, 2009, Dkt. No. 79. Even though the Court is accepting the belated filing of the Cross Motion for Reconsideration, as required by the Local Rules, it has not gone unnoticed that Aretakis even failed to file the Motion timely pursuant to the March 2, 2009 Order. Dkt. No. 73.

*v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514 U.S. 1038 (1995); *Bartz v. Agway, Inc.*, 849 F. Supp. 166, 167 (N.D.N.Y. 1994) (McAvoy, C.J.) (citing *Wilson v. Consol. Rail Corp.*, 815 F. Supp. 585 (N.D.N.Y. 1993); *McLaughlin v. New York Governor's Office of Employee Relations*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *see also Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).  Thus, the moving party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id*. at 257.  "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted).  Of significance here, "[a] motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue," *Fredericks v. Chemipal, Ltd.*, 2007 WL 1975441, at *1 (S.D.N.Y. July 6, 2007).  In other words, it is not an opportunity to take a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  *See In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.") (quotation marks and citations omitted); *In re Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) ("A motion for reconsideration is not a forum for new theories or for plugging the gaps of a

...

lost motion with additional matters.") (internal quotation marks and citation omitted).

Aretakis's Motion fails to allege any of the above proper grounds for reconsideration. Instead, Aretakis merely attempts to relitigate the Court's MDO, without providing any data or law that would have this Court reevaluate or alter the decision that was rendered. All that he has accomplished is to reiterate each and every argument he previously made in opposition to Nugent's Motion to Dismiss, and only adds that those causes of actions were made with "good faith allegations." Although it is not a basis for reconsideration, but now that he has interjected this element of "good faith" into the discussion in order to countermand the Court's finding that his lawsuit against Nugent was frivolous, unreasonable, and groundless, the Court takes this opportunity to highlight the error in his reasoning. It is not his belief that he had a "good faith" basis for making allegations against Nugent that is controlling; what is controlling is that he had <u>no legal basis</u> at all to pursue his action against Nugent, the special prosecutor at his criminal trial.

It is not incumbent upon this Court to recapitulate the comprehensive analysis of the prosecutorial absolute immunity doctrine and its applicability to the record before the Court, and we decline to do so. *See Aretakis v. Durivage*, 2009 WL 249781, at **3, 15-19, 26-28, 31-32, & 33-34 (Parts I.C, II.E, II.G.1, II.H, & II.I). Nonetheless, the Court is compelled to spotlight what appears to be profoundly lost upon Aretakis. In addition to the entrenched and seminal nature of the absolute immunity doctrine, Aretakis was forewarned by Nugent and then the Court that pursuing this action against Nugent, in the manner that he did, was fraught with great peril to him. First, the pleading of the affirmative defense of a prosecutor's absolute immunity should have given Aretakis great pause in pursuing this action against Nugent, or at least sparked some curiosity as to how this affirmative defense could impact his case. And, at least as early as November 19, 2007, and prior

to any motions, Nugent served a letter upon Aretakis citing, *inter alia*, numerous precedents, including *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) and *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) for the proposition that he enjoyed absolute immunity in this case. *See* Dkt. No. 76, Ex. A, Nugent Lt., dated Nov. 19, 2007, at p. 2. Even though it was not recorded, during the Rule 16 Conference held on January 10, 2008, there was an extensive debate as to the utility of pursuing this lawsuit against Nugent in light of the long-held doctrine of absolute immunity for prosecutors. So it should not have come as a surprise to Aretakis that his causes of action against Nugent were treading in deep and troubling waters.

Actually, then Chief Judge Learned Hand held more than "[a] half century ago" that prosecutors were immune from liability in § 1983 actions. *Van De Kamp v. Goldstein*, _ U.S. _, 129 S.Ct. 855, 859 (2009) (citing *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949)). And more than forty years ago, the Supreme Court made it crystal clear when establishing its functional analysis test that a prosecutor is absolutely immune from civil prosecution even if he used false testimony at trial as long as he was acting in his quasi-judicial advocacy role. *Imbler v. Pachtman*, 424 U.S. 409. This is clearly established, "hornbook" common law. The fatalism in continuing to argue in support of his claims that Nugent used false testimony at trial, in the face of the long standing *Imbler* decision which was brought to Aretakis's attention long before any motions were filed against him, is beyond disputation.

*Imbler* also instructs litigants that a prosecutor is immune for initiating and prosecuting a case, which may entail preparation such as obtaining, reviewing and evaluating testimonial evidence. 424 U.S. at 431 n.33. Now the Court agrees with Aretakis that, generally speaking, there is no bright line demarcation between quasi-judicial functions as opposed to investigative and

administrative, *see Powers v. Coe*, 728 F.2d 97, 104 (2d Cir. 1984), however that problem never bedeviled our case. The investigation and the filing of criminal complaints in this matter were completed before Nugent was appointed special prosecutor and thus he never participated in an investigatory role similar to law enforcement. It is reasonably expected, and goes without saying, that a prosecutor would directly or indirectly attempt to determine the nature of an eyewitness's testimony before trial. To do otherwise would fall woefully short of the objective norms of any litigator. Hence, such an attempt would not fall outside a common understanding of quasi-judicial function. *Imbler*, 424 U.S. at 431 n.33  These facts were well known by all parties prior to the commencement of this action and it is inexcusable to ignore these facts and principles when contemplating a lawsuit against a prosecutor.

Further, it has been well-settled law within this Circuit for more than twenty-five years that a prosecutor's ability to offer a plea bargain is firmly embedded within the absolute immunity doctrine. *Powers v. Coe*, 728 F.2d at 103-04; *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981); *see also Lawson v. Abrams*, 863 F.2d 260, 263 (2d Cir. 1988) (noting that *Powers* is settled law of the Second Circuit). Common sense would dictate that result as well. To withhold a plea bargain, as Aretakis complains Nugent did in his criminal case, falls unequivocally within Nugent's quasi-judicial function as a prosecutor, which is, once again, secured by absolute immunity. To argue otherwise in the face of this well-settled law is mere sophistry.

"Yet, try as he might," to argue that an out of court conspiracy may have occurred in an attempt to avoid the defense of absolute prosecutorial immunity was poorly conceived and not supported by the record one iota. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995); *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987). As an affront to the clear and unencumbered

record presented to the Court, Aretakis still clings to conclusions that defy any reasonable inference that could inure to his benefit. For example, Aretakis's continued persistence in arguing that a telephone conference between Attorney Robert Roche, who was representing Nugent on a civil case, and the trial judge was a part of a grand conspiracy designed by Nugent, when the record clearly evinces that the criminal trial judge categorically denied that anything was said about Aretakis's criminal trial or indecorously against Aretakis, is manifestly facetious and lends credence to the Court's finding of frivolousness and groundlessness.

Having given due consideration to the previous Order, there is nothing plausibly proffered by Plaintiff that would deter us from adhering to our previous finding that

> Nugent's task in support of his application for reasonable attorney fees from Aretakis is to show that the action, as to him was frivolous, unreasonable, groundless, or that the plaintiff continued to litigate after it became obviously so. We find that Nugent has met this burden. It is seminal law that a prosecutor acting within his quasi-judicial capacity is entitled to absolute immunity. Not only is this apparent from facts of the case, but the Court made this rule of law evidently clear during the Rule 16 Conference. In order to frame a set of circumstances outside the contours of absolute immunity, Aretakis unreasonably contorted the boundaries of Nugent's actions in prosecuting this matter so that they may fall within an administrative or investigatory function. Both Aretakis and Cholakis, who both claim to be experienced lawyers, made unfounded, even scurrilous, accusations about Nugent's conduct and proposed that Nugent's *raison d'etre* was to uphold the Catholic Church's conspiracy against him and to injure him. Without any foundation whatsoever, especially in the face of Judge Toomey's on-the-record denial that Attorney Roche made any negative comments about Aretakis, he nonetheless cleaved to the spurious supposition that Roche was assigned the telephone task by Nugent in order to prejudice Aretakis. Not one iota of fact was alleged to support this specious argument, only a mere coincidence.
>
> Under these circumstances, we find that Nugent is entitled to reasonable attorney fees. He is directed to submit a more detailed application for attorney fees and costs.

*Aretakis v. Durivage,* 2009 WL 249781, at *33.

Accordingly, Aretakis's Motion for Reconsideration is denied.

### III. Reasonable Attorneys' Fees

Surprisingly, Aretakis does not confront Nugent's Application for Attorneys' Fees as being excessive or applying an unreasonable presumptive hourly rate. Rather, he notes that other federal courts have determined that a defendant prosecutor was entitled to absolute immunity without imposing attorneys' fees on the plaintiff,[2] and further importunes the Court to consider his limited financial resources and the financial hardship that would be imposed upon him should the requested fees be approved. Dkt. No. 79 at ¶ 12(b) & (c).

Since the Court has already found Nugent to be the prevailing party and entitled to attorneys' fees, *Aretakis*, 2009 WL 249781, at *33, we must next determine a presumptively reasonable rate. Recently, courts within the Northern District have found the reasonable hourly rate to be between $235 and $275. *B.R. v. Lake Placid Central Sch. Dist.*, 2009 WL 667453, at *3-4 (N.D.N.Y. Mar.10, 2009) (Sharpe, J.) (citing *Lussenhop v. Clinton County*, 558 F. Supp. 2d 247, 266-67 (N.D.N.Y. 2008) for holding the hourly rate of $235/hr was reasonable in this District) (Treece, M.J.)); *Martinez v. Thompson*, 2008 WL 5157395, at *13-14 (N.D.N.Y. Dec. 8, 2008) (Peebles, M.J.) ($275/hr); *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 197 (N.D.N.Y. 2008) (Sharpe, J.) ($250/hr). However, Nugent's Attorneys are seeking rates far below those already found to be reasonable within this District: (a) Partners - $145/hr; (b) Associates - $125/hr; and (c) Paralegals - $80/hr. Dkt. No. 76 at ¶ 26. Accepting that these rates would be the type that a reasonable paying client would be willing to pay, the Court will next multiply the number of hours

---

[2] This postulation was rendered without the benefit of legal citation.

expended by Nugents' Attorneys.

Attorney O'Connor, who has been practicing law and litigating for more than four decades, is the partner seeking the hourly rate of $145. Assisting O'Connor at various times throughout this litigation were his associates Asa Neff, Scott Peterson, and Shawn Nash, who are billed at the rate of $125/hr. Lastly, Star F. Donovan, a paralegal, briefly aided O'Connor in this matter. *See* Dkt. No. 76 at ¶¶ 26-31, Exs. B-G. The breakdown on the time expended is reflected in the chart below:

| NAME | RATE | HOURS | FEES | TOTAL |
|---|---|---|---|---|
| *O'Connor* | 145.00 | 158 | $ 22,910.00 | |
| *Neff* | 125.00 | 11.8 | 1,475.00 | |
| *Peterson* | 125.00 | .20 | 25.00 | |
| *Nash* | 125.00 | .60 | 75.00 | |
| *Donovan* | 80.00 | .50 | 40.00 | |
| **Total Fee** | | | **$ 24,525.00** | **$ 24,525.00** |
| **Total Expenses** | | | | **216.39** |
| **Total Fee and Expenses** | | | | $ 24,741.39 |

The Court finds that all of the hours expended by Nugent's attorneys are well documented and reasonable. Accordingly, the Court awards the Defendant Nugent the sum of $24,741.39.[3]

---

[3] Initially Nugent forswore any effort to recover attorneys' fees for the filing of this current Application. Dkt. No. 76 at ¶ 29 ("We are requesting neither compensation nor reimbursement for the preparation of this application."). However, because Nugent had to respond to Aretakis's opposition and Motion for Reconsideration, Nugent has changed his mind and now wishes to be compensated for preparing a response to Aretakis's Motion for Reconsideration. Dkt. No. 80-2, Tom J. O'Connor, Esq., Aff., dated Apr. 17, 2009, at ¶ 9. Based upon Nugent's view that even the Motion for Reconsideration is frivolous, unreasonable, and groundless, he argues that consequently that he is entitled to costs and attorneys' fees in the amount of $3,003.52. With the exception of legal citations regarding the filing of motions for reconsideration and a brief discussion thereof, Nugent has essentially repeated his stance already reflected in initial Application for Attorneys' Fees. Therefore, in many respects, Nugent's positions taken in his Memorandum of Law in
(continued...)

Based upon all of the foregoing, it is hereby

**ORDERED**, that Aretakis's Motion for Reconsideration, Dkt. No. 79, is **denied**; and it is further

**ORDERED**, that Defendant Nugent's Motion for Attorneys' Fees and Cost, Dkt. No. 76, is **granted**. Nugent's attorneys are awarded fees in the amount of $24,525.00 and costs in the amount of $216.39.

**IT IS SO ORDERED**.

August 12, 2009
Albany, New York

_____
RANDOLPH E. TREECE
United States Magistrate Judge

---

[3](...continued)
Opposition to Aretakis's Motion for Reconsideration are redundant, and this Court, in the interest of justice, exercises its discretion to decline granting this additional amount.